[S. F. No. 9941. In Bank.—June 15, 1922.]

NICOLAS HERNANDEZ & CO. (a Copartnership), Appellant, v. W. T. WELISCH & COMPANY (a Corporation), Respondent.

[1] CONTRACT—SALES OF RICE—DIVISION OF BROKERAGE—CONSTRUCTION.—Under a written contract whereby a rice broker doing business in the island of Porto Rico agreed to conduct therein a branch office of and for another rice broker doing business in San Francisco, California, and which provided that the former was to receive "your share of the profits on all orders received directly or indirectly from your territory," the former was entitled to its share of the brokerage received by the latter on sales made to the Porto Rico Food Commission of San Juan, Porto Rico, although they were negotiated within the borders of the United States and without the assistance of the Porto Rico broker.

[2] ID.—AMOUNT—CONSTRUCTION.—Under the provision in such contract reciting "we will allow you five cents per pocket of 100

pounds, which is one-half of our profit as soon as we receive same from the seller," the Porto Rico broker was limited to one-half of the brokerage received where it amounted to less than ten cents per pocket, the brokerage usually received.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

Hadsell, Sweet & Ingalls for Appellant.

Percy E. Towne for Respondent.

THE COURT.—We approve the conclusion of the district court of appeal in this case that, under the contract made between the plaintiff and the defendant, the plaintiff's share of the profits on orders received directly or indirectly from the island of Porto Rico was not to be more than one-half of the amount of commissions or profits received by the defendant. In making the calculation, however, the district court included, as a part of the profits, the sum of $650, being six and one-half cents per pocket on 100 pounds on the sale of 10,000 pockets made on June 15, 1918. It appears from the findings that the defendant did not receive $650, either as commissions or as profits, on that sale, but received only one-half thereof, that is, $325; the result is that the computation made by the district court of appeal allows the plaintiff $162.50 in excess of the amount it is entitled to. The opinion stated that the amount shown by the findings as due to the plaintiff was $3,325, that being one-half of the total sum of $6,650. It should have stated that the amount for which the plaintiff was entitled to judgment was the sum of $3,162.50, being one-half of $6,325.00; which the findings show to be the total amount received by defendant, and that he was entitled to interest on $2,000 thereof at seven per cent per annum from May 10, 1918, and interest on the balance from the date of the commencement of the action.

With this modification, the opinion of the district court is adopted. Excepting the last paragraph thereof, which, as above stated, we find erroneous, the remainder of the opinion is as follows:

"This is an appeal by plaintiff from a judgment in its favor in the sum of $2420, its contention being that the judgment should have been for a greater sum.

"Both the plaintiff and the defendant are rice brokers, the former doing business in the island of Porto Rico, and the latter in San Francisco, California. They entered into a written contract by which the plaintiff agreed to conduct in Porto Rico a branch office of and for the defendant, the contract being in the form of a letter addressed by the defendant to the plaintiff, the terms of which the latter accepted. Among the provisions of said contract were the following:

" 'Division of profits. On all sales confirmed by us we will allow you five cents per pocket of 100 pounds, which is one half of our profit, as soon as we receive same from seller.

" 'Exclusive arrangement. It is agreed that you will not offer rice from any other source than ours with the present exception of Southern rice (La. Tex. Ark.) . . . We, in turn, will not offer rice in your territory (hereinafter described) excepting through you. You to receive your share of the profits on all orders received directly or indirectly from your territory.

" 'Territory. Your territory will be the entire island of Porto Rico.'

"According to the findings of the court the defendant during the existence of this contract, as broker, sold to the 'Porto Rico Food Commission, of San Juan, Porto Rico,' four several lots of rice, namely, 40,000 pockets on November 2, 1917, two lots of 20,000 pockets each on April 22, 1918, and 10,000 pockets on June 15, 1918, and received as brokerage on such sales a total sum of $6650, being $2000 on each of the three lots first enumerated, and $650 upon the last. It credited the account of plaintiff with one-half the brokerage so received upon the second and third of said lots, which it claims to have done by error, and refused to pay the plaintiff either the amount so credited or any part of the brokerage received upon the remaining two lots. The court also found that the contracts for the sale of said four lots of rice were made and executed by the seller and an officer of said Porto Rico Food Commission, of San Juan, Porto Rico, within the borders of the United

States, and were negotiated by defendant without assistance from the plaintiff.

"As a conclusion of law from the facts so found the trial court decreed that the plaintiff was entitled to judgment for $2000, with interest thereon from the tenth day of May, 1918—the date upon which the defendant had credited the plaintiff's account with said sum, and judgment was accordingly entered. Thereafter the plaintiff moved to set aside and vacate said judgment, and for an order entering another and different judgment, upon the ground that the conclusions of law upon which it was entered were not consistent with and not supported by the findings of fact. This motion was denied, and the sole question on this appeal is whether the judgment entered was correct in view of the court's finding as to the facts in the case.

[1] "It seems clear to us that the four sales above referred to come within the terms of the contract. They were made to the 'Porto Rico Food Commission, of San Juan, Porto Rico'; and although the execution of the contracts on the part of said purchaser was made within the territory of the United States by one of its officers, the provision of the contract giving to the plaintiff the right to share with the defendant 'the profits on all orders received directly or indirectly' from its territory would seem to be designed to cover a sale made under these circumstances. That this is the true construction of the contract is strongly suggested by the action of the defendant in crediting the account of the plaintiff with one-half the brokerage on two of these sales, and the fact that it afterwards changed its mind would not affect the plaintiff's right. And in any event these four sales having been made under precisely similar conditions, if the plaintiff was entitled to recover upon two of them (as the court found) its right to recover upon the remaining two cannot be denied.

[2] "The appellant contends that it should have judgment at the rate of five cents per pocket upon the 90,000 pockets forming the aggregate of the sales in question; but we think that, reading the contract as a whole, the plaintiff's share was limited to one-half the amount received by the defendant. The language is 'We will allow you five cents per pocket of 100 pounds, *which is one-half of our profit* as soon as we receive same from the seller,' and in

the next paragraph: 'you to receive your share of the profits on all orders received directly or indirectly from your territory.' Upon one of such sales the defendant's commission only amounted to five cents, and upon another one of them to only six and one-half cents per pocket. The brokerage usually received by the defendant was ten cents, and it was doubtless expected that most of the transactions between the parties would be governed by this figure; but the statement that five cents was one-half the brokerage, construed with the later provision of the contract giving to the plaintiff the right to share with the defendant brokerage upon sales coming indirectly from the plaintiff's territory, sufficiently indicates that the plaintiff's share could not be more than one-half the amount received by the defendant.''

The judgment is reversed and the trial court is directed to enter judgment in accordance with this opinion.

Shaw, C. J., Sloane, J., Wilbur, J., Lawlor, J., Lennon, J., and Waste, J., concurred.